IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Danielle K. Phillips f/k/a Doss, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  3:08-cv-00427-JPG-PMF |
| | ) | |
| Bonded Credit Bureau, Inc., a Kentucky | ) | |
| corporation, d/b/a DRS/Bonded | ) | |
| Collection Systems, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Danielle K. Phillips, f/k/a Doss, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a declaration that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts here.

## PARTIES

3. Plaintiff, Danielle K. Phillips, f/k/a Doss ("Phillips"), is a citizen of the State of Illinois, residing in the Southern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt owed to Wells Fargo for a car loan that she had incurred with her then husband, Brandon Doss.

4.      Defendant, Bonded Credit Bureau, Inc., d/b/a DRS/Bonded Collection Systems ("DRS"), is a Kentucky corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Southern District of Illinois.  In fact, DRS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Phillips.

## FACTUAL ALLEGATIONS

5.      During 2003, Ms. Phillips and her then husband fell behind on paying their debts.  One such debt was to Wells Fargo for a car loan, and resulted in the car being repossessed and sold.  Thereafter, Wells Fargo hired Defendant DRS to collect the deficiency on the loan of about $12,000.

6.      In March 2008, Defendant's debt collector, "Stephanie Lawson", called Ms. Phillips ex-husband, Brandon Doss, to demand that Ms. Phillips and Mr. Doss pay the debt.  The debt collector stated that she could accept a settlement of $4,100 in one lump sum or six monthly payments of $700.  Mr. Doss informed Defendant's debt collector, Ms. Lawson, that he was divorced from Ms. Phillips and that he could not afford to pay anything because he held a low paying job.

7.      The Defendant's debt collector, Ms. Lawson, then told Mr. Doss that he and Ms. Phillips would be sued and "they would freeze their bank accounts and garnish their wages."  Frightened by this threat, Mr. Doss asked if monthly payments of $150 to $200 would be possible.  Defendant's debt collector, Ms. Lawson, agreed to monthly payments of $200 per month until the $4,100 settlement amount was paid.

8. Mr. Doss then called his ex-wife, Ms. Phillips, and relayed his conversation with the Defendant's debt collector, Ms. Lawson. Accordingly, on March 10, 2008, Ms. Phillips called the Defendant's debt collector, Ms. Lawson, to confirm a payment plan of $200 per month until a settlement amount of $4,100 was paid in full. The Defendant's debt collector, Ms. Lawson, confirmed that the debt would be settled if twenty $200 monthly payments were made, with a final payment of $100. Ms. Phillips asked that the Defendant's debt collector, Ms. Lawson, send her a letter confirming this payment agreement and Ms. Phillips indicated that she would make sure that she could afford to make the $200 monthly payments.

9. On March 18, 2008, Ms. Phillips and the Defendant's debt collector, Ms. Lawson, spoke again and reconfirmed that the debt would be settled for a total amount of $4,100, via monthly payments of $200 per month. Ms. Phillips gave the debt collector her bank account information so that an initial payment could be directly debited from her checking account at the beginning of April, and, in fact, the first payment of $200 was taken from Ms. Phillips checking account on April 1, 2008.

10. Thereafter, Ms. Phillips called the Defendant's debt collector, Ms. Lawson, to inquire as to when she would be receiving the promised letter from Defendant confirming the payment agreement. Ms. Phillips call was answered by another debt collector who, upon being informed of Ms. Phillips request for a letter confirming the payment arrangement, transferred Ms. Phillips call to a supervisor, "Clive". This supervisor, Clive told Ms. Phillips that there was no payment arrangement with Defendant and rudely stated "No, she did not agree to that", and then hung up on Ms. Phillips.

11. Alarmed by Defendant's threats of a lawsuit, bank account freeze and garnishment, as well as the on again, off-again settlement, Ms. Phillips was forced to hire an attorney to protect her from the Defendant's collection actions.

12. All of the collection actions complained of here occurred within one year of the date of this Complaint.

13. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692e Of The FDCPA --
## Making Numerous False Statements

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the collection of a debt. See, 15 U.S.C. § 1692e.

16. Defendant's violations of § 1692e of the FDCPA, include, but are not limited to:

   a) falsely stating to Ms. Phillips that there was a settlement;

   b) falsely stating to Ms. Phillips that there was no settlement;

   c) falsely threatening to sue Ms. Phillips, when there was no intent to do so; and,

   d) falsely threatening to freeze Ms. Phillips' bank account and garnish her wages, when Defendant had no right, nor any ability, to do so.

17. Defendant's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt. See, 15 U.S.C. § 1692f.

20. Defendant's violations of § 1692f of the FDCPA, include, but are not limited to:

    a) agreeing to a settlement with Ms. Phillips when there was no settlement;

    b) claiming to Ms. Phillips that there was no settlement, when there was a settlement;

    c) threatening to sue Ms. Phillips, when there was no intent to do so; and,

    d) threatening to freeze Ms. Phillips' bank account and garnish her wages, when Defendant had no right, nor any ability, to do so.

21. Defendant's violations of § 1692f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT III
### Violation Of § 1692g –
### Failure To Provide The 30-Day Validation Notice

22. Plaintiff adopts and realleges ¶¶ 1-13.

23. Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, the Defendant provide the consumer with an

effective validation notice, i.e., notice that the consumer has 30 days after receipt of the notice to challenge the validity of the debt, or any portion of the debt, and seek verification of it, etc.

24.     Defendant's first communication with Ms. Phillips was the March 10, 2008, telephone call; however, to date, Defendant has not sent to Ms. Phillips a letter advising of her rights, pursuant to § 1692g of the FDCPA.  Defendant's collection action thus violate § 1692g of the FDCPA.

25.     Defendant's violation of § 1692g of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Danielle Phillips f/k/a Doss, prays that this Court:

1.     Declare that Defendant's debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Phillips, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Danielle Phillips f/k/a Doss, demands trial by jury.

                                        Danielle Phillips f/k/a/ Doss,


                                        By: /s/ David J. Philipps
                                        One of Plaintiff's Attorneys


Dated:  June 11, 2008

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com